UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60210-CIV-GRAHAM/O'SULLIVAN

ANDRX THERAPEUTICS, INC.,
A Florida Corporation,

    Plaintiff/Counterclaim Defendant,

v.

MALLINCKRODT INC., a Delaware
Corporation,

    Defendant/Counter-claimant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant Mallinckrodt's Motion to Stay Proceedings (DE # 47, 9/8/06). The matter was referred to the undersigned by the Honorable Donald L. Graham for Trial pursuant to the parties' Notice of Joint Election to Jurisdiction by a United States Magistrate for All Motions and Final Resolution (DE # 89, 12/1/06) and 28 U.S.C. § 636 on December 11, 2006 (DE # 92). Having reviewed the parties' filings and carefully considered the applicable law, it is

ORDERED AND ADJUDGED that the Defendant Mallinckrodt's Motion to Stay Proceedings (DE # 47, 9/8/06) is **DENIED**.

## BACKGROUND

The defendant filed the instant motion on September 8, 2006, more than three months after the Court's Order denying Mallinckrodt's Motion to Dismiss the case on abstention grounds. The plaintiff filed its response in opposition on September 29, 2006 (DE # 64) and the defendant filed a reply in support of its motion on October 12, 2006 (DE # 72). The matter is now ripe for adjudication.

**DISCUSSION**

Mallinckrodt's request for a stay of the instant lawsuit is based on the decision of the U.S. District Court for the Eastern District of Missouri to remand a parallel lawsuit initiated by the defendant against the plaintiff and two of other members of its extended corporate family to Missouri state court based on lack of diversity jurisdiction.  In support of its request to stay the proceedings, the defendant lays out, in great detail, the arguments supporting this Court's abstention from this case.  Specifically, Mallinckrodt argues that the less stringent standard enunciated in Wilton v. Seven Falls Co.,[1] rather than Colorado River,[2] should govern this Court's discretion to dismiss or stay the current action.  This argument is based in large part on a recent case out of the Southern District of Alabama, Lexington Ins. Co. v. Rolison, 434 F.Supp.2d 1228 (S.D. Ala. 2006) which employed a "heart of the action" test to determine whether Wilton or Colorado River should govern actions, like the present one, that contain both declaratory claims and coercive claims.  The defendant asserts that the heart of the instant action is declaratory such that the less stringent standard favoring abstention (or a discretionary stay) applies. Having closely reviewed the arguments advanced by the parties and the case law cited therein, the Court concludes that the instant motion amounts to an untimely motion for reconsideration of Judge Graham's order denying the defendant's motion to dismiss.  In his Order, Judge Graham held that Colorado River governs cases such as this one, in which a party advances both declaratory and coercive claims.

---

[1] 515 U.S. 277 (1995).

[2] Colorado River Conservation District v. United States, 424 U.S. 800 (1976).

### A.   To the Extent that the Defendant's Motion Requests Reconsideration of Judge Graham's Previous Order the Request is Denied.

Reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  In re Martinez v. Law Offices of David Stern, P.A., 266 B.R. 523, 538 (S.D. Fla. 2001)(internal quotation omitted)(quoting SEC v. Seahawk Deep Ocean Technology, 74 F. Supp. 2d 1188, 1192 (M.D. Fla. 1999)).  A motion for reconsideration must demonstrate why the Court should reconsider its prior decision and "'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'"  PaineWebber Income Properties Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)(quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)).  "A motion for reconsideration should raise new issues, not merely address issues litigated previously."  In re Martinez v. Law Offices of David Stern, P.A., 266 B.R. 523, 538 (S.D. Fla. 2001)(internal quotation omitted)(quoting Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla 1997));  Wendy's Int'l Inc. v. NuCape Constr., Inc., 169 F.R.D. 680, 686 (M.D. Fla. 1996)("[A motion for reconsideration] is not a vehicle for rehashing arguments already rejected by the court for refuting the court's prior decision."); see also Z.K. Marine, Inc. v. M/V Archigetis et al., 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); D'Alessandro v. Ludwig Honold Mfg. Co., 1997 WL 805182 (E.D. Pa. 1997) at *1 ("A motion for reconsideration is also not properly grounded on a request that a court rethink a decision it has already made.").  It should not be used for "raising issues or citing authorities the party could have or should have presented prior to the court's ruling."

Nu Cape, 169 F.R.D. at 686.

Here, the Lexington Insurance case, upon which the defendant relies so heavily, was decided on May 16, 2006, six days after Judge Graham ruled on the defendant's Motion to Dismiss. While the case is certainly one that could not have been presented to the Court prior to its ruling on the Motion to Dismiss, the Court finds that the issue raised by the case is not a new one. Judge Graham considered which line of cases applied to the instant case and concluded that, because the case mixes declaratory and coercive claims, Colorado River applies. Judge Graham's conclusion is consistent with binding Eleventh Circuit precedent as well as other cases decided in the Southern District of Florida. See e.g. Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1327 (11th Cir. 2004); PPG Industries, Inc. v. Continental Oil Company, 478 F.2d 674, 679 (5th Cir. 1973)[3]; MegaLife and Health Ins. Co. v. Tordion, 399 F. Supp. 2d 1366, 1369-70 (S.D. Fla. 2005) While the Lexington Insurance case does provide another analytical framework for approaching the question before the Court, the undersigned finds no "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." PaineWebber, 902 F. Supp. At1521 (M.D. Fla. 1995). Accordingly, the Court declines to do so.

**B.    The Defendant's Request for a Stay of the Federal Action is Denied.**

With respect to whether or not a stay of the case is appropriate, the Court will follow the approach taken by Judge Jordan in MegaLife and Health Ins. Co. v. Tordion,

---

[3]Pursuant to Bonner v. City of Pritchard, Ala., 661 F. 2d 1206, 1207 (11th Cir. 1981), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

4

399 F. Supp. 2d 1366, 1372 (S.D. Fla. 2005).  In that case, Judge Jordan indicated that he would take the current status of the state court case into consideration in determining whether staying the federal action, including consideration of factors such as a list of current pending motions, the expected trial date and the discovery deadlines.  Id.

The parties have not provided the Court with any information regarding current motions pending before the state court, other than to advise the Court that Andryx has filed a motion to stay the Missouri action.  The defendant asserts that it would be unfair of the court to take this factor into consideration because the state case has been delayed by the plaintiff's "unfounded removal."  Regardless of the removal issue, without more information to the contrary concerning the status of the state court docket, the Court assumes that this case, which was filed first, is likely to be further along.  With respect to discovery, it is apparent that the parties reached an agreement to allow depositions to proceed simultaneously in the two cases.  No other information regarding the status of document production or interrogatory responses has been offered to the Court.  Finally, with respect to an anticipated trial date, the Court notes that this case is currently set for trial in February 2007 but that the parties have jointly requested that the trial be rescheduled until the third week in May.  The Court is unaware of the proposed trial date in the Missouri action.

Having taken these factors into consideration, the Court concludes that, based on the information before the Court, there is no compelling reason to stay this case. Therefore, the Defendant Mallinckrodt's Motion to Stay Proceedings (DE # 47, 9/8/06) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **11th** day of December, 2006.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record